**MATTESON CO. v. WILLCUTS, Collector of Internal Revenue for Minnesota.**

(District Court, D. Minnesota, Third Division. March 1, 1926.)

1. **Internal revenue ⊂⊃7—To claim exemption as personal service corporation, principal owners of stockholders must personally render substantial services to which its income is primarily ascribed (Revenue Act 1918, §§ 200, 218 [e], 231 [14], 304 [a], being Comp. St. Ann. Supp. 1919, §§ 6336⅛a, 6336⅛i, 6336⅛o, 6336⁷⁄₁₆c).**

To entitle a corporation to exemption from income tax under Revenue Act of 1918, §§ 218(e), 231(14), and 304(a), being Comp. St. Ann. Supp. 1919, §§ 6336⅛i, 6336⅛o, 6336⅛c, as a personal service corporation, as defined in section 200 of the act (Comp. St. Ann. Supp. 1919, § 6336⅛a), the principal owners or stockholders must be personally engaged in a substantial way, in rendering the personal service to which its income is to be primarily ascribed.

2. **Internal revenue ⊂⊃7—Principal owners of personal service corporation must be regularly engaged in its affairs to entitle it to exemption from income tax (Revenue Act 1918, § 200, 218[e], 231[14], 304[a], being Comp. St. Ann. Supp. 1919, §§ 6336⅛a, 6336⅛i, 6336⅛o, 6336⁷⁄₁₆c).**

To constitute a personal service corporation as defined in Revenue Act of 1918, §§ 200, 218(e), 231(14), 304(a), being Comp. St. Ann. Supp. 1919, §§ 6336⅛a, 6336⅛i, 6336⅛o, 6336⁷⁄₁₆c, entitled to exemption from income tax, the principal owners or stockholders must

themselves be regularly engaged in the active conduct of its affairs.

**3. Internal revenue ⟨⟫7—Insurance agency corporation held not entitled to exemption from income tax as personal service corporation under facts.**

Plaintiff corporation *held* not exempt from income tax under such act as a personal service corporation, where its second largest stockholder, with 20 per cent. of its stock, was an officer of a trust company to which his time was devoted during banking hours, such attention as he gave to plaintiff's affairs being intermittent and irregular, and where the third largest stockholder, with 16 per cent., renders no service.

**4. Internal revenue ⟨⟫7—In determining doubtful status of company as personal service corporation, income derived from money invested may be considered, though small part of total income Revenue Act 1918, §§ .200, 218[e], 231[14], 304[a], being Comp. St. Ann. Supp. 1919, §§ 6336⅛a, 6336⅛i, 6336⅛o, 6336⁷⁄₁₆c).**

Where the right of a corporation to exemption from income tax as a personal service corporation as defined in Revenue Act of 1918, §§ 200, 218(e), 231(14), 304(a), being Comp. St. Ann. Supp. 1919, §§ 6336⅛a, 6336⅛i, 6336⅛o, 6336⁷⁄₁₆c, is doubtful on other grounds, the fact that a small part of its income is derived from money invested should also be taken into account.

Action by the Matteson Company against Levi M. Willcuts, Collector of Internal Revenue. Judgment for defendant.

Oppenheimer, Dickson, Hodgson, Brown & Donnelly, of St. Paul, Minn., for plaintiff.

Lafayette French, Jr., U. S. Atty., and Leland W. Scott, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

CANT, District Judge. By this action, plaintiff, a corporation engaged as agent in soliciting and writing various kinds of insurance, seeks to recover certain moneys paid as income taxes, which it claims were wrongfully exacted by the government. Its right to such recovery has been denied by various administrative officers of the government having such matters in charge.

Plaintiff's action arises out of its claim that it should be classified as a personal service corporation under the Revenue Act of 1918, as such a corporation is defined by section 200 of that act (Comp. St. Ann. Supp. 1919, § 6336⅛a). This claim is denied by the government.

Provision for the recognition of so-called personal service corporations, and excepting or exempting them from the provisions of the Revenue Act, was a distinct concession to such corporations and operated to deprive the government of large revenues which were much needed at the time the act was passed, and which would have been realized if this exception or exemption had not been made. The excuse and justification for such recognition and concession were that it was known that certain corporations were engaged almost exclusively in rendering a personal service to their patrons in precisely the same way that certain copartnerships were rendering the same kind of service, that such corporations and such copartnerships did not require any considerable amounts of capital in such business, and that such capital as was actually employed was not a material income producing factor in the business. Under such circumstances, and where the situation and operation of the corporation closely approximated those of a copartnership engaged in rendering the same service, it was thought that both should be treated alike, and that the government should be content with the payment of a personal tax by the stockholders of the corporation, in the same way as a personal tax is paid by the individual members of a copartnership. The exception and exemption were accomplished by the provisions of sections 218(e), 231(14), and 304(a), of said act (Comp. St. Ann. Supp. 1919, §§ 6336⅛i, 6336⅛o, 6336⁷⁄₁₆c).

Any corporation claiming to be a personal service corporation must bring itself fairly within the requirements of such an organization, as provided by law. Every corporation has full control of its own activities. It knows what the requirements of a personal service corporation are. It may comply therewith and easily keep within the limits thereof if it so choose, or it may not if it otherwise prefers. If it does not fairly observe and keep within the requirements of the law, it should not claim the benefits which the law confers. To nearly comply with the law, or to come within hailing distance thereof, is not enough.

Under section 200, Revenue Act of 1918, the requirements of a personal service corporation are as follows, to wit:

(1) The income of the corporation must be ascribed primarily to the activities of the principal owners or stockholders.

(2) Such principal owners or stockholders must themselves be regularly engaged in the active conduct of the affairs of the corporation.

(3) Capital (whether invested or borrowed) must not be a material income producing factor.

These will be considered in their order.

[1] 1. It has been urged very persuasively

by counsel for plaintiff that the real test in such cases is simply whether the income in question has been realized from personal service. The statute goes farther than this, and it may be assumed that there are good reasons therefor. It is necessary, not only that the income of the corporation shall be derived from personal service, but also that it shall be derived primarily from the activities of those who principally are to share in that income, and therefore in the benefits of the law. If this were not so, the personal service in such cases might be rendered by one or two, or a few only, and others largely interested in the corporation, but rendering no service, might be capitalizing the efforts of these few and realizing a profit therefrom.

To approximate the situation where similar service is rendered by copartnerships, it is necessary that those who, principally, are to have the benefit of the law, must be engaged in a substantial way in rendering the personal service which the corporation claims to provide. Any substantial departure from this rule would be extending the law in such manner as to create a favored class, and would be wholly without justification. It is not necessary under the law that each stockholder shall be engaged in rendering the personal service, but the letter and the spirit of the law both require that the great body of the stock shall be in the hands of those who are rendering this service.

This first requirement bars a corporation where the personal service is rendered wholly by employees, or by those only who are slightly interested in the corporation, and it also, by implication, bars a corporation where, as specifically set forth in the third requirement, capital (whether invested or borrowed) is a material income producing factor. The third requirement supplements and emphasizes the first.

Undoubtedly, during the year 1919, a very large part of the income of the plaintiff corporation was derived from personal service. The largest stockholder, Mr. H. H. Matteson, owning a little more than 50 per cent. of the stock, was engaged in this service. As to whether the next largest stockholder, Mr. C. D. Matteson, owning one-fifth of the stock, was so engaged, is a question to be considered shortly. The third largest stockholder, Mrs. J. Q. Haas, owning a little more than 16 per cent. of the stock, was not engaged in rendering any service for the corporation. The situation with respect to Mrs. Haas might be sufficient to bar the corporation from the personal service class. It is a violation of the

12 F.(2d)—29

spirit of the law. She is accorded a special privilege. She profits by the service of others, but her interest in the corporation is dealt with for purposes of taxation as though she were one of those rendering the service. The question, however, is slightly complicated, and the holding might be that the fact that the third largest stockholder in the corporation, holding 16 per cent. of the stock, was not engaged in rendering any service to or for the corporation, would not of itself necessarily bar the corporation from the personal service class.

The remainder of the stock, amounting to a little more than 11 per cent. thereof, was held by three stockholders, all of whom were actively engaged in the service of the corporation.

If, in addition to Mrs. Haas, it is found that Mr. C. D. Matteson also is not among those to whose activities the income of the corporation may be primarily ascribed, then the corporation is barred from the personal service class by reason of failing to comply with the first requirement. The omission of both would quite surely be fatal to plaintiff's claims.

[2] 2. To qualify as a principal owner or stockholder within the meaning of the first requirement, such stockholder must himself be regularly engaged in the active conduct of the affairs of the corporation.

[3] The consideration of this requirement becomes necessary in connection with the services of the stockholder C. D. Matteson, owning one-fifth of the stock. Was he, during the year 1919, regularly so engaged?

Throughout the year 1918, Mr. C. D. Matteson was vice president of the Capital Trust & Savings Bank of St. Paul, an important financial institution of that city, and received a large salary for his services with that corporation. Without question, he was regularly and no doubt constantly engaged in the active conduct of the affairs thereof. Can it be possible that he was also at the same time regularly engaged in the active conduct of the affairs of the plaintiff corporation within the meaning of the law in question? If that could be true as to two corporations, the number might be increased. The law no doubt contemplates such regularity and such continuity of service as would not permit a stockholder, seeking to qualify under this requirement, to apportion his time and energies between or among different corporations. If one of the principal stockholders might be permitted to give a trifling part of his time and energies to the affairs of such a corpo-

ration, then all might be so privileged, and before long the requirements of the law would be substantially ignored. The intent of the law is that each such stockholder must be devoting his time and his energies in substantial measure to the corporation in question. In contemplation of law, he must be regularly engaged in a substantial way in earning the income in which he claims a share. If, to bring the corporation within the personal service class, his service is required, that service must be such that he cannot at the same time render an equal service to one or more other corporations. There is constant temptation to urge that particular corporations, with no right to such favor, be accorded classification as personal service corporations, and the requirements necessary thereto must be substantially observed. Even if it were held possible under the law here in question, for a person to be regularly engaged in the active conduct of the affairs of two or more corporations at the same time, in such manner and to such extent as to qualify each of such corporations as personal service corporations, still Mr. C. D. Matteson is not within such class here. The extent of his duties at the bank precluded his being regularly engaged with the affairs of plaintiff in such sense as is contemplated by the law. Such attention as he gave was intermittent and irregular. He was at plaintiff's place of business from time to time as was convenient, and he turned over to plaintiff certain insurance on a brokerage basis. To hold that he was regularly engaged in the active conduct of the affairs of the corporation would be to invite corporations of every variety wrongfully to apply for the classification which is sought here. Since Mr. C. D. Matteson does not come within the first and second requirements hereinbefore referred to, the classification prayed for must be denied on this ground.

[4] 3. With personal service corporations, capital (invested or borrowed) must not be a material income producing factor.

In this case a little over 5 per cent. of the income of plaintiff corporation, during the year 1919, was derived from interest, discount, and profits on moneys invested. Here again the corporation, being free to elect to comply with the law, has come, at least, dangerously near a violation thereof. If it is to claim the privilege of a personal service corporation, it should keep free from investments which yield interest or profit. The capital here involved was not such as was necessarily incident to carrying on the corporate activities, but was free capital. In view of the rather small amount of the income from interest, discount, and profits, the courts might hesitate to deny personal service classification to the corporation on that ground, if otherwise its right to such classification was fairly shown. Here, where the right to such classification otherwise is not shown, the receipt of such interest, discount, and profits should not be ignored, and may be assigned for what it is worth as a further ground of opposition to plaintiff's claims.

There should be judgment for the defendant.