## CONKLIN–ZONNE–LOOMIS CO. v. COMMISSIONER OF INTERNAL REVENUE.*

Circuit Court of Appeals, Eighth Circuit. November 24, 1928.

No. 339, Original.

J. B. Faegre, of Minneapolis, Minn. (Cobb, Hoke, Benson, Krause & Faegre, of

*Rehearing denied February 4, 1929.

Minneapolis, Minn., on the brief), for petitioner.

L. W. Scott, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. Arthur Adams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

DEWEY, District Judge. This is an appeal from the actions of the Board of Tax Appeals in determining an income tax liability of petitioner for the fiscal years ending April 30, 1920, April 30, 1921, and from May 1 to December 31, 1921. The question for decision is whether the petitioner was entitled to classification as a personal service corporation within the term defined by section 200 of the Revenue Acts of 1918 and 1921 (40 Stat. 1059; 42 Stat. 228), and as such entitled to exemption.

That part of said section material to this case is as follows:

Section 200: "That when used in this title * * * the term 'personal service corporation' means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor."

And section 231 of said Revenue Acts (40 Stat. 1077; 42 Stat. 254) provides that personal service corporations shall be exempt from taxation.

The facts, as found by the Board of Tax Appeals, are substantially as follows:

"The petitioner is a Minnesota corporation, with its principal office at Minneapolis. During the time involved in this proceeding its principal business was the management as agents, for owners of certain office and retail store buildings located in Minneapolis. Its operations consisted in the renting of such buildings, collection of rents, payments of taxes, arranging and paying for insurance, and all other operating expenses, and in the employment of the personnel required for the operating of buildings under its management. For these services it received a commission of approximately 5 per cent. on the gross rentals collected. During the fiscal year ended April 30, 1921, it purchased coal for the owners of the buildings and received a commission of five cents per ton on such

purchases. The petitioner also had some income from dividends, commissions on loans, and for rental of space in its offices, and from making appraisals of real estate.

"During the taxable years, the officers of the petitioner and their stock holdings were J. F. Conklin, president, 1 share; A. E. Zonne, vice president, 124 shares; and G. B. Loomis, secretary, 41 shares. No other stock was outstanding. Zonne and Loomis devoted practically all their time to the business. Conklin's activities were nominal.

"The business of the petitioner was secured by advertising in newspapers, by the circulation of printed matters among prospective clients, and by personal solicitation by the officers. None of the employees took any part in acquiring new business. The only equipment used consisted of office furniture, fixtures, and supplies. * * *

"Rents of buildings managed by the petitioner were payable monthly in advance. Collections were always made before the end of the month, and settlements were made with clients between the 10th and 15th of the succeeding month. There was always sufficient money to pay all operating expenses, and to settle with clients without the use of either invested or borrowed capital.

"The petitioner owned substantial amounts of the stocks of various other Minnesota corporations, and received dividends therefrom, in the several taxable years, in the respective amounts of $8,649.96, $6,203.76, and $4,127.46. Such investments totaled $39,760, $41,495, and $39,110, for the respective taxable years. It also owned and received income from a relatively small investment in Liberty bonds"; that the gross income for the years in question was: 1920, $74,913; 1921, $59,548; 1922, $60,864.

Upon the foregoing findings of fact the Board of Tax Appeals determined the question as follows:

"The record of this proceeding discloses that a material part of the petitioner's income for each of the taxable years, and the taxable period in question resulted from dividends received from investment of capital in stocks and bonds. We are of the opinion, therefore, that the petitioner is not entitled to personal service classification in any of the years as to which deficiencies are asserted by the respondent."

In other words, the Board of Tax Appeals found as a matter of law that under the facts determined by it the petitioner was not entitled to the classification of a personal service corporation, because, during the years in question, it had capital invested which pro-

duced a substantial and material income. The findings of fact were based upon the evidence given before the Board of Tax Appeals by A. E. Zonne, vice president and treasurer of the petitioner company, which evidence is not disputed, so there can be no question but that the findings of fact are supported by the evidence.

■ Respondent takes the position that in this review all of the evidence offered at the hearing before the Board of Tax Appeals should be considered by this court. The Board of Tax Appeals, however, is primarily a fact-finding body. It is its duty to examine the evidence and make all necessary findings. If there is any evidence to support the findings they are conclusive. It is the duty of this court to confirm the judgment of the Board of Tax Appeals, "or, if the decision of the board is not in accordance with law, to modify or reverse the decision of the board, with or without remanding the case for a rehearing, as justice may require." Sections 1001(a), 1003(a) (b), Revenue Act of 1926 (U. S. C. tit. 26, §§ 1224, 1226; 26 USCA §§ 1224(a), 1226(a) (b).

The courts have held that the review of the appellate court is one of law only. Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Royal Packing Co. v. Commissioner (C. C. A.) 22 F.(2d) 536; Mastin v. Commissioner (C. C. A.) 28 F.(2d) 748, opinion filed September 29, 1928 (Eighth Circuit). The appellate courts will not, except under extraordinary circumstances, go into the business of making findings of fact. And this is true in respect to law cases tried to the court, the jury having been duly waived, and as to law cases taken to the Supreme Court for review of decisions of the Court of Claims, and cases coming up for review under the Interstate Commerce Commission Act. See Kendrick Coal & Dock Co. v. Commissioner of Internal Revenue, 29 F.(2d) 559, decided November 7, 1928 (Eighth Circuit). This case also holds that the above rule applies to appeals from the Board of Tax Appeals to the Circuit Court of Appeals. Also see Mastin v. Commissioner, supra.

■ The case at bar is not exceptional in character. The facts, therefore, as determined by the Board of Tax Appeals, having support in the evidence, leaves for decision the question whether these findings of fact support the conclusion of law arrived at by said Board of Tax Appeals. We are of the opinion that the foregoing facts establish that the income derived from the stocks and bonds held by the petitioner company was a substantial and material income from capital invested.

■ This brings us to the remaining important question, whether capital of petitioner, returning a material income from sources other than the ordinary business of petitioner, should be considered as income of the petitioner or income belonging to its stockholders. In other words, can the corporation hold stocks and bonds in companies entirely foreign to the ordinary business of the petitioner corporation, and derive therefrom income in whatever amount, and yet be entitled to a personal service corporation classification?

We are constrained to determine this question in conformity to the ruling of the Board of Tax Appeals. Section 200 of the Revenue Acts of 1918 and 1921, above referred to, expressly provide that a company shall not be classed as a personal service corporation and be exempt from taxation when it uses capital (whether invested or borrowed) as a material income-producing factor. The petitioner having used capital for the purpose of producing material income, it would appear that it fails to place itself within the exception of being a personal service corporation.

The only two cases which appear to have a direct bearing upon the question here are Appeal of Seaboard Mills, Inc., 5 B. T. A. 575, and Matteson Co. v. Willcuts (D. C.) 12 F.(2d) 447. In the former case the Board of Tax Appeals in its opinion used this language: "In the opinion of the board, it is immaterial whether the income derived from capital is produced by the use of that capital in the business in which the petitioner is primarily engaged. It is income within the definition of section 200 no less because it arises from investments or sale of assets." The latter case, while not using language as clear as that quoted above, does use language which looks in the same direction.

It is claimed by the petitioner that very recent decisions by the Board of Tax Appeals take a different position in regard to this matter than that taken in the Seaboard Mills, Inc., Case. Attention is specifically called to the cases of Mac Martin Adv. Agency v. Commissioner, March 23, 1928, 11 B. T. A. 162; Mitchell Adv. Agency v. Commissioner of Internal Revenue, March 12, 1928, 10 B. T. A. 1311; Sweeney & James Co. v. Commissioner, Feb. 23, 1928, 10 B. T. A. 966; and Botsford, etc., v. Commissioner, Feb. 7, 1928, 10 B. T. A. 565; New Orleans Shipwright Co. v. Commissioner (C. C. A.) 27 F.(2d) 214.

A careful reading of these cases, however, discloses that the question they raise is whether capital was a material income-producing factor, and the real foundation of the judgment in these cases is that the capital employed produced an income that was negligible when compared with the total gross income of the corporation. We are of the opinion that the language above quoted in the case of Appeal of Seaboard Mills, Inc., is good law, and is controlling in the present appeal.

We conclude, therefore, that the case should be affirmed on the findings as made by the Board of Tax Appeals, and the actions and decision of the Board of Tax Appeals are therefore affirmed.