## DE FORD v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, First Circuit.
November 27, 1928.

No. 2252.

Herbert P. Mason, of Boston, Mass. (Chamberlin, Stone & Bosson, of Boston, Mass., on the brief), for petitioner.

Harvey R. Gamble, Sp. Asst. Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Thomas P. Dudley, Jr., and Shelby S. Faulkner, Sp. Counsel, Bureau of Internal Revenue, and Sewall Key, Sp. Asst. Atty. Gen., all of Washington, D. C., on the brief), for Commissioner.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. In this petition the court is asked to review the decision of the United States Board of Tax Appeals, determining that the petitioner is not entitled to a reduction from his gross income for the year 1921 for a loss alleged to have been sustained by him in a sale of real estate.

The petitioner resided in Brookline, in the commonwealth of Massachusetts. In 1890 he purchased a residence in Brookline, paying therefor $17,500. The house was a brick house in a subdivision of Brookline then being developed by one Knapp. The petitioner testified that it was not purchased by him with a view of making it a permanent residence; that his purpose was to live in it for a short time, and then to acquire a larger house and one farther in the country, hoping to sell the house which he had purchased at a sufficient profit to recover his rent there.

Instead of being increased in value, its value was diminished for the reason that the locality did not become a desirable one, because of the character of houses which were erected within its immediate vicinity.

In 1911 he listed the house for sale with a real estate broker, but obtained no purchaser at a price which he thought he could afford to accept.

During the winters of 1900 and 1901 the house was vacant, while he was with his family in Porto Rico. It was also vacant again some time during the winters of 1903 and 1904, or 1904 and 1905, when he was in Porto Rico, and had removed his family to Boston, where they lived in a partially furnished apartment, but he did not remove all of his furniture from the Brookline house. Upon his return from Porto Rico, he went to live again in the house in Brookline, and remained there continuously until he sold the property in 1920 for $8,300. He testified that the fair market value of the property on March 1, 1913, was $12,800.

In his return of income for the year 1921 he claimed as a deduction the sum of $4,500, under section 214 (a) (5) of the Revenue Act of 1921 (42 Stat. 240), which is as follows:

"Sec. 214 (a). That in computing net income there shall be allowed as deductions:
\* \* \*

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business. \* \* \* "

The scope of the authority of the court to review a decision of the Board of Tax Appeals is a narrow one. It is given the "power to affirm or, if the decision of the Board is not in accordance with law, to modify or to reverse the decision of the court, with or without remanding the case for a rehearing, as justice may require."

In Blair, Commissioner of Internal Revenue v. Curran, 24 F.(2d) 390, it was held in this circuit that Congress in creating the Board of Tax Appeals "took away the right of a party aggrieved by a decision of the Board to bring a court action and have a trial de novo on issues of fact and law \* \* \* and limited his right to a review of the Board's decision in the Circuit Courts of Appeals on questions of law only. Avery v. Commissioner of Internal Revenue (C. C. A.) 22 F.(2d) 6 [55 A. L. R. 1277]; Brown v. Commissioner of Internal Revenue, 22 F. (2d) 797 (C. C. A. 5th Circ., Dec. 2, 1927)."

The case therefore comes before us for review only upon a question of law and with authority to treat the facts found by the Board as prima facie true. Findings of fact by the Board are not conclusive, but, if supported by substantial evidence, they are to be reviewed only to the extent of determining whether there was any valid and substantial evidence to sustain the findings of the Board, for, if not, they were not rendered "in accordance with law."

In Heiner v. Tindle, 276 U. S. 582, 48 S. Ct. 326, 72 L. Ed. 714, the real estate with which the court was dealing had not been occupied for residential purposes by the owner for 19 years, but had been leased during these years, and the Supreme Court held that when the owner decided to lease the property this was a "transaction for profit."

The present case discloses that the owner resided in the property up to the time of its sale, except for short periods when it was vacant during his absence from the country.

We cannot hold that there was no substantial evidence to sustain the finding of the Board of Tax Appeals that the purchase of a residence by the petitioner was not a "transaction entered into for profit."

The decision of the Board of Tax Appeals is affirmed.