### PREY BROS. LIVE STOCK COMMISSION CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Tenth Circuit.
December 2, 1929.

No. 19.

J. N. Tincher, of Hutchinson, Kan. (Don Shaffer and Rubert G. Martin, both of Hutchinson, Kan., and J. S. Boyd, of Chicago, Ill., on the brief), for appellant.

Randolph C. Shaw, of Washington, D. C. (Sewall Key and Barham R. Gary, Sp. Asst. Attys. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Robert L. Williams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge. The Board of Tax Appeals declined to classify the petitioner as a personal service corporation, and this petition to review that decision follows.

The period involved is from June 30, 1918, to December 31, 1919. The statute involved is section 200 of the Revenue Act of 1918 (40 Stat. 1058), which defines a personal service corporation as—

"* * * a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor * * *"

This statute requires the concurrence of two conditions, (1) that the income of the corporation shall result primarily from the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation, and (2) in which capital, whether invested or borrowed, is not a material income-producing factor.

The Board of Tax Appeals found the facts in detail and as a conclusion therefrom found that capital was a material income-producing factor.

The petitioner was engaged in the live stock commission business at Denver, Colorado. Its customers would ship their live stock to the plaintiff, which would take care

of them until they were sold, and then sell them, on the market, for the best price obtainable. It is undoubtedly true, as argued by petitioner, that the principal factor in procuring and retaining customers was the reputation of the individuals connected with the corporation for efficiency and honesty. This is true of a great many corporations in which capital is a material income-producing factor, and the existence of this fact does not entitle the corporation to be classified as a personal service corporation.

The balance sheet of the corporation on June 30, 1918, showed assets of $149,446.86, of which $5,000 represented a membership in the Denver Live Stock Exchange; approximately $130,000 were bills and accounts receivable, and the balance cash and Liberty Bonds. Its capital and surplus was $40,-790.77, and it had liabilities of bills and accounts payable of $43,000, and an item called "Personal Balances" of $65,000. Its statement on June 30, 1919, showed practically the same capital and surplus, a decrease of $7,000 in bills and accounts payable, and an increase in the personal balances of $20,000. The statement on December 31, 1919, showed capital and surplus of $32,000, and accounts payable and personal balances of $109,000.

It was the practice of the petitioner to remit to its customers on the day the stock was sold and weighed, although it might be some days before the petitioner received payment for the live stock. With certain customers the petitioner honored sight drafts, accompanying the bills of lading, for a portion of the purchase price. Prompt payment to its customers was an ingredient in securing and maintaining patronage, and it took capital to carry these items until payment was received for the live stock sold. That some of the ventures carried on showed a loss is not determinative. The capital, surplus, and borrowed money was used in the business; the business was one in which, as it was carried on, the use of capital was an essential ingredient. Capital was an income-producing factor.

The finding of the Board of Tax Appeals that capital was an income-producing factor, and a material one, in the business of the petitioner, is supported by substantial evidence, and cannot therefore be disturbed. Avery v. Commissioner of Internal Revenue (5 C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Bishoff v. Commissioner of Internal Revenue (3 C. C. A.) 27 F.(2d) 91; Mastin v. Commissioner of Internal Revenue (8 C. C. A.) 28 F.(2d) 748; De Ford v. Commissioner of Internal Revenue (1 C. C. A.) 29 F.(2d)

532; Denver Live Stock Com'n Co. v. Commissioner of Internal Revenue (8 C. C. A.) 29 F.(2d) 543; Kendrick Coal & Dock Co. v. Com'r of Internal Revenue (8 C. C. A.) 29 F.(2d) 559; Conklin-Zonne-Loomis Co. v. Commissioner of Internal Revenue (8 C. C. A.) 29 F.(2d) 698; Luscomb v. Commissioner of Internal Revenue (2 C. C. A.) 30 F.(2d) 818.

Two cases in the Eighth Circuit Court of Appeals involved businesses similar to that of the petitioner, and in them it was held that a finding that capital was a material income-producing factor could not be disturbed. Denver Live Stock Com'n Co. v. Commissioner of Internal Revenue, supra; Hatch v. United States, 34 F.(2d) 436. The Sixth Circuit has held to the same effect. Hubbard-Ragsdale Co. v. Dean (D. C.) 15 F.(2d) 410, affirmed in (C. C. A.) 15 F.(2d) 1013.

Other cases, closely analogous on the facts are Dreyer Commission Co. v. Hellmich (8 C. C. A.) 25 F.(2d) 408; Feeders' Supply Co. v. Commissioner of Internal Revenue (8 C. C. A.) 31 F.(2d) 274; St. Paul Abstract Co. v. Commissioner of Internal Revenue (8 C. C. A.) 32 F.(2d) 225; Conklin-Zonne-Loomis Co. v. Commissioner of Internal Revenue, supra; Meinrath Brokerage Company v. Commissioner of Internal Revenue (8 C. C. A.) 35 F.(2d) 614.

The petition for review will be denied.