J. E. BURKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31949. Promulgated April 28, 1930.

*W. Leo Austin, Esq.,* for the petitioner.
*P. M. Clark, Esq.,* for the respondent.

### OPINION.

LANSDON: The petitioner is an individual who resides in Tulsa, Okla., where he has his principal office and is engaged in business operations. He alleges that the Commissioner has erroneously added to his net income certain amounts which he deducted from his gross income in the taxable year as ordinary and necessary business expenses, depreciation of equipment for producing oil, depletion of oil properties which he then owned, and bad debts ascertained to be worthless and charged off in such year. At the hearing he also claimed that in his return for 1923 he erroneously overstated his receipts from a certain oil and gas lease in the amount of $4,013.09.

The parties have agreed and stipulated that the allowable business expense of the petitioner in connection with his brokerage business in the taxable year was $1,671.80 instead of $5,671.80, and that similar expense in connection with his oil-producing business was $10,425.02 instead of $12,349.91, as shown in his return and alleged in the petition. In respect of depletion and depreciation it is also stipulated that the amounts allowable as deductions from gross income in the taxable year are $6,581.80 and $774.49, instead of the single amount of $6,465.92 claimed by the petitioner in his income-tax return for the taxable year. In his determination of the deficiency the respondent disallowed the total amount of the expenses, depletion and depreciation in controversy. The effect of the stipulations should be reflected in a recomputation of petitioner's tax liability under Rule 50.

Prior to October 11, 1923, the petitioner loaned certain sums of cash aggregating $12,850 to one E. J. Brennan and on that date took the joint note of Brennan and his wife for the full amount thereof. At the time such loans were made the petitioner knew Brennan's

financial condition and believed that he was solvent and able to repay the loans. The note was discounted at the Liberty National Bank of Tulsa. Later in the year this bank became involved and was taken over or merged with the Security National Bank of Tulsa, which required petitioner to pay the Brennan note in full. The petitioner was told by the president of the Security National Bank that Brennan had been ruined by losses sustained by the failure of the Liberty National Bank. He made many attempts to collect from Brennan within the taxable year, but secured no payments thereon, then or thereafter, on account of either principal or interest. In his tax return for 1923 he deducted $13,350 from his gross income as a bad debt. Part of this amount represents accrued interest and is not an allowable deduction. The remainder, $12,850, representing principal of the loans to Brennan, was a debt ascertained to be worthless and charged off in the taxable year and should be deducted from petitioner's gross income in the recomputation under Rule 50.

In his income-tax return for 1923 petitioner reported income from oil properties known as the Harris Lease and Harris Royalty in the amount of $18,814.85. This amount was an estimate only due to the fact that the managing operator of such property had not been able to close the books and determine the true income therefrom at the due date of the petitioner's return. The parties have stipulated that the total and true income realized by petitioner from such property in the taxable year was $14,801.76. The evidence shows that petitioner had no income from any other oil property in the taxable year. Proper adjustment of this item should be made in the recomputation of petitioner's income under Rule 50.

*Decision will be entered under Rule 50.*