## BLACKWELL OIL & GAS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 585.

Circuit Court of Appeals, Tenth Circuit.

July 5, 1932.

George C. White, of Cushing, Okl., for petitioner.

Helen R. Carloss, of Washington, D. C., for respondent.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This is a petition to review a decision of the Board of Tax Appeals. The Commissioner disallowed two deductions claimed by the taxpayer, one for the year 1923 and the other for 1924, and assessed deficiencies. The Board of Tax Appeals sustained the ruling of the Commissioner.

The facts are:

(1) On January 19, 1923, eighty-six stockholders of the petitioner entered into an option agreement under which they gave one Guiberson an option to purchase their stock and agreed to pay J. E. Carr and J. M. McLeod a commission equal to 5 per cent. of the purchase price in the event of the consummation of the sale. The sale was not consummated.

On February 12, 1923, Carr and McLeod brought an action against ten of the directors and principal stockholders of the petitioner. Such petition alleged that defendants entered into a conspiracy and combination to prevent the carrying out of such option agreement and the consummation of such sale.

On February 16, 1923, the board of directors adopted a resolution in which they recited that it was the duty of petitioner to pay all costs and expenses pending such suits and save the defendants therein harmless from any judgment rendered against them, and resolved that the petitioner should pay such costs and expenses and pay and satisfy any judgment rendered in such action. Thereafter the parties to such action agreed to compromise the same by the payment to the plaintiff of $42,936.66, and in 1923 the petitioner paid such amount in full settlement of such action.

(2) On April 7, 1923, Michael Corrigan and others commenced a suit against petitioner and others to recover possession of, and to quiet title to certain oil lands, and recover the sum of $5,000 mesne profits and $500,000 damages for waste.

Petitioner held an oil and gas lease upon such land during the year 1923 and produced therefrom 364,764.1 barrels of oil. In 1924 this suit was compromised by the payment of $70,000, of which amount petitioner paid $58,068.01.

Petitioner claimed the amount paid in compromise of the action first mentioned as a deduction for the year 1923, and the amount paid by it in compromise of the second action as a deduction for 1924. The Commissioner disallowed such deductions and assessed the deficiencies above referred to.

The applicable provisions of the Revenue Act of 1921 (42 Stat. 254) are as follows:

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services ac-

tually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity."

"Sec. 235. That in computing net income no deduction shall in any case be allowed in respect of any of the items specified in section 215."

"Sec. 215. (a) That in computing net income no deduction shall in any case be allowed in respect of * * *

"(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate."

Article 292 of the Treasury Regulation 65, in part reads as follows: "Art. 292. *Capital Expenditures.* Amounts paid for increasing the capital value or for making good the depreciation (for which a deduction has been made) of property are not deductible from gross income. See section 214 (a) (8) of the statute and article 161. * * * The cost of defending or perfecting title to property constitutes a part of the cost of the property and is not a deductible expense."

Counsel for petitioner contends that the alleged wrongful acts, upon which the cause of action asserted in the first-mentioned action was predicated, were the acts of the corporation, and that while the action was prosecuted against the directors as individuals it was in fact a liability of the corporation.

The cause of action was predicated upon an alleged conspiracy entered into between the defendants. The corporation was not a party to such conspiracy. The defendants in the action, as directors of the corporation, had no authority to enter into any unlawful conspiracy. While the alleged acts committed in furtherance of the conspiracy were largely acts committed by the defendants as officers and directors of the corporation, the gist of the action was a conspiracy. It seems clear to us that the petitioner was not liable for the cause of action compromised, and that the amount paid in compromise was neither an ordinary nor necessary expense of the corporation.

The amount paid in compromise of the second action was in part at least in defense of petitioner's title as oil and gas lessee of the lands involved in such action. To that extent it was a capital expenditure and is not deductible. Some portion of the payment may have been in satisfaction of the damages. That portion may have been an ordinary and necessary business expense. It is impossible from the record, however, to determine what portion of the amount paid was in satisfaction of damages. This being true, the entire deduction was properly disallowed.

We bottom this opinion on a few well-settled grounds.

1. The Board of Tax Appeals on sufficient evidence found the facts in issue here against appellant and we are not at liberty to disturb the facts so found. Prey Bros. Live Stock Commission Co. v. Commissioner of Internal Revenue (C. C. A.) 36 F.(2d) 326; Mastin v. Commissioner of Internal Revenue (C. C. A.) 28 F.(2d) 748; Kendrick Coal & Dock Co. v. Commissioner of Internal Revenue (C. C. A.) 29 F.(2d) 559.

2. The amount paid in compromise of the conspiracy case was not a debt of the corporation, was voluntarily paid, and under no circumstances could come within the statute.

3. As has been seen, in so far as payment made in the compromise of the suit brought to quiet title, etc., there can be no question but that a part of the payment was capital expenditure and not deductible for that reason. Article 292 of the regulations under Revenue Act 1921 provides, "The cost of defending or perfecting title to property constitutes a part of the cost of the property and is not a deductible expense." As to the remainder of the sum paid all or a part may have been deductible, but how much or how little the taxpayer did not establish by its evidence, hence the same could not be allowed. This fact is found by the Board of Tax Appeals and cannot be disturbed, and the deductible part cannot be allowed unless established by the evidence. Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991; Murphy Oil Co. v. Burnet, Com'r of Internal Revenue (C. C. A. Ninth Circuit, Jan. 11, 1932), 55 F.(2d) 17.

It follows, the findings and order of the Board of Tax Appeals must be affirmed.