## DISTRICT BOND CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9324.

Circuit Court of Appeals, Ninth Circuit.

June 28, 1940.

Rehearing Denied Aug. 1, 1940.

348

MATHEWS, Circuit Judge, dissenting in part.

———◆———

Dana Latham and R. W. Lund, both of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Berryman Green, and Ellis N. Slack, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Petitioning taxpayer seeks a review of a decision of the Board of Tax Appeals (a) holding not tax exempt the obligations of certain municipal subdivisions of the State of California on street improvement and like bonds issued by them, and (b) denying a deduction of interest coupon debts to taxpayer on certain of the bonds which became worthless in a tax year later than that in which the mature coupons were accrued on taxpayer's books but not charged into its taxable income.

 (a) Taxpayer's bond interest taxed by the Commissioner was accrued on taxpayer's books in the tax years 1934 and 1935. The interest was on bonds issued under the California Improvement Act of 1911, St.Cal.1911, p. 730, the California Street Opening Bond Act of 1911, St.Cal. 1911, p. 1192, and the California County Improvement Act of 1921, St.Cal.1921, p. 1658. It is stipulated that: "All of the bonds issued under the various California Improvement Acts above referred to, the interest on which is here in controversy, were issued by various California Municipalities in accordance with the provisions of the Improvement Statute applicable to each type of bond. * * * All of the California Improvement Bonds herein involved were issued in order to provide funds for public purposes such as the opening and widening of public highways, the paving and improving of existing public highways, the installation of ornamental lights along public highways, the installation of public sanitary sewers and other public works authorized by said various Improvement Acts."

The brief of the Commission concedes that "the question of the exemption of the interest which the taxpayer received during the calendar years 1934 and 1935 from bonds issued under the California Improvement Act of 1911, the California County Improvement Act of 1921, and the California Street Opening Bond Act of 1911 is presented on facts which do not afford any basis for distinguishing the decisions of this Court in Bryant v. Commissioner, 9 Cir., 111 F.2d 9, decided April 12, 1940, * * * and Avery v. Commissioner, 9 Cir., 111 F.2d 19, decided April 12, 1940, * * *. Under the principles announced by this Court in those cases the respondent perforce concedes that the decision here must be that the interest derived by the taxpayer from the bonds in question is exempt from federal income taxation."

(b) Taxpayer, keeping its accounts on an accrual basis, complains of the Board's decision denying it the right to "charge off" from its gross income for the tax year 1935 tax exempt interest coupons on bonds of California municipalities which had become worthless, the cash amounts of which coupons were entered on its books as an accrual of income in previous tax years, but which, as tax exempt interest, are not charges on gross income to be returned for income tax purposes.

The bonds whose coupon interest is here involved are in the principal sum of $1,000 each and payable from a tax levied and collected from all the property in a district in the California municipalities which issued them under the California Acquisition and Improvement Act of 1925, St.Cal.1925, p. 849, to pay for various public improvements. For the purposes of this review we accept taxpayer's contention that their interest is tax exempt.

 Interest on tax exempt bonds must be excluded from gross income in determining the income tax obligation of the owner of the bonds. 26 U.S.C.A.Int.Rev. Code, § 22 (b) (4). For tax purposes such interest is never *charged on* in contempla-

tion of the Revenue Act of 1934, the Act here under consideration. The Board decided that because the income of the tax exempt interest could not be charged on the taxpayer's income for tax computation, it could not be charged off under the provisions of § 23(k) (1) of that Act, 26 U.S.C.A.Int.Rev.Code, § 23(k) (1), which reads:

"(k) Bad debts.

"(1) General rule. Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. This paragraph shall not apply in the case of a taxpayer, other than a bank, as defined in section 104, with respect to a debt evidenced by a security as defined in paragraph (3) of this subsection."

The Board had so held with reference to accounts kept by a taxpayer on a cash basis in Charles A. Collin v. Com'r, 1 B.T.A. 305, decided January 13, 1925. That this has been the Board's established administrative practice with regard to bad debt deductions claimed by cash accounting taxpayers is apparent from a succession of decisions of the Board since that date.[1]

▆▆ Taxpayer kept its books on an accrual basis and, under the law, is required to have its taxable income tax computed otherwise than for those keeping their books on a cash basis. 26 U.S.C.A.Int.Rev. Code, §§ 41, 44. Under this law such a taxpayer is required to accrue taxable income in the year in which it is payable to him, regardless of the fact that it may not have been received by him in that year. This he must do even though the debt to him is valueless on the date it becomes due. His remedy in the case of a worthless debt is to report it in gross income and take a deduction for the bad debt in the same year. Spring City Co. v. Commissioner, 292 U.S. 182, 184, 185, 54 S.Ct. 644, 78 L. Ed. 1200.

Taxpayer claims that because in ordinary business practice accrual accounting requires tax exempt income, even though not to be returned as gross income, to be treated as its business income, the coupon interest debts here involved have been charged on, not only for purposes of its business, but for taxation as well. It contends that the practice established by the Board with reference to cash accounting taxpayers affords no precedent for one accruing his income and indebtedness.

It is true that the taxing Act does not permit gifts to be included in a taxpayer's gross income return (26 U.S.C.A.Int.Rev. Code, § 22(b) (3), while permitting a deduction for a loss on their disposition (26 U.S.C.A.Int.Rev.Code, § 113, § 23(e). Also, though the property destroyed or stolen may not have been returned in gross income when acquired, fire and casualty losses and thefts deductions are allowed individual taxpayers. 26 U.S.C.A.Int.Rev. Code, § 23(e) (3). Also, corporations may deduct for any loss not otherwise compensated, without showing that the particular transaction in which the loss occurred involved property or funds which had been included in prior taxable income. 26 U.S.C.A.Int.Rev.Code, § 23 (f).

However, none of these preceding provisions for deductions has any such specific language as the "charge off" phrase of the bad debt subsection (k) (1), § 23. The Supreme Court holds that the specific bad debt deduction provisions of the taxing statute are to be considered by themselves and are exclusive of general deduction provisions of § 23: "* * * The making of the specific provision as to debts indicates that these were to be considered as a special class and that losses on debts were not to be regarded as falling under the preceding general provision. What was excluded from deduction under subdivision (5) [debts] cannot be regarded as allowed under subdivision (4) [uncompensated losses]. If subdivision (4) could be considered as ambiguous in this respect, the administrative construction which has been followed from the enactment of the statute— that subdivision (4) did not refer to debts —would be entitled to great weight. We see no reason for disturbing that construction." Spring City Co. v. Commissioner, 292 U.S. 182, 189, 54 S.Ct. 644, 647, 78 L. Ed. 1200.

---

[1] Howard J. Simons v. Com'r, 1 B.T.A. 351; J. Noble Hayes v. Com'r, 7 B.T.A. 936; Henry V. Poor v. Com'r, 11 B.T.A. 781, affirmed 2 Cir., 30 F.2d 1019; J. E. Burke v. Com'r, 19 B.T.A. 743; Searles Real Estate Trust v. Com'r, 25 B.T.A. 1115, 1118; George N. Crouse v. Com'r, 26 B.T.A. 477, 482.

It is a reasonable interpretation of the bad debt subsection that the words "charge off" refer only to a debt permitted to be charged on the taxable income of the taxpayer. It is also rational to construe the phrase "charge on" as applying in accrual accounting for taxpayer's business to accrued tax exempt interest, though it is not permitted to be accrued for any taxing purpose. The taxpayer has not brought itself clearly within either alternative to the exclusion of the other and under the rule of interpretation in such a dilemma[2] we hold the deduction of its tax exempt bad debt cannot be allowed.

In so holding we bring the rule with regard to tax exempt interest in accord with the practice denying cash accounting taxpayers, who do not charge on their unpaid interest in the year it is due.

We reverse the decision of the Board of Tax Appeals as to the taxation of the interest on the municipal bonds and affirm its decision disallowing the deduction of the bad debt of the tax exempt coupons.

MATHEWS, Circuit Judge, concurs in the reversal and dissents from the affirmance.

[2] Cornell v. Coyne, 192 U.S. 418, 431, 24 S.Ct. 383, 48 L.Ed. 504; Pacific Co. v. Johnson, 285 U.S. 480, 491, 52 S.Ct. 424, 76 L.Ed. 893; Heiner v. Colonial Trust Co., 275 U.S. 232, 48 S.Ct. 65, 72 L.Ed. 256; Bank of Commerce v. Tennessee, 161 U.S. 134, 146, 16 S.Ct. 456, 40 L.Ed. 645; The Cordon v. United States, Ct.Cl., 46 F.2d 719; Franciscus Realty Co. v. Commissioner, 8 Cir., 39 F.2d 583; Deputy v. du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416.